# LAW OFFICE OF
# PETER A. ROMERO

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

September 19, 2020

**VIA ECF**
Hon. Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re: <u>Jadan v. Becker Electronics, Inc., et al</u>
         20-cv-00129 (JS) (AKT)

Dear Judge Seybert:

  This firm represents Plaintiff Gloria Jadan ("Plaintiff") in the above-referenced action. We respectfully submit this motion for approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff commenced this action against Defendants January 7, 2020, alleging that Defendants violated the FLSA and New York Labor Law §§ 650, *et seq.* by, among other things, failing to pay her overtime wages when she worked beyond forty (40) hours per week. On February 14, 2020, Defendants, through their counsel, filed an Answer to the Complaint denying Plaintiff's allegations. Thereafter, the parties resolved their dispute through a series of negotiation discussions and now seek approval of the settlement of Plaintiff's FLSA claims pursuant to *Cheeks v. Freeport Pancake House, Inc.*, No. 14-cv-299 (2d Cir. Aug. 7, 2015). The parties have memorialized their resolution of Plaintiff's claims in a Settlement Agreement & Release ("Agreement"), attached hereto as Exhibit A.

  The release contained in the parties' Agreement is modest in scope and is limited to claims for unpaid wages arising under the Fair Labor Standards Act and the New York Labor Law. The Agreement does not contain a confidentiality provision. The non-disparagement provision includes an appropriate carve-out and does not prohibit Plaintiff from making truthful statements regarding the facts underlying her claims and/or experience litigating this action.

  The Settlement represents a fair and reasonable resolution of Plaintiff's claims. Under the terms of the Agreement, Defendants have agreed to pay a total of $20,000 (Settlement Agreement ¶1), of which Plaintiff will receive $12,924.00 after attorneys' fees and costs. Defendants dispute the number of hours that Plaintiff worked in excess of 40 hours per week and maintain that Plaintiff was properly paid for her overtime hours. Defendants provided documents in aid of mediation that tend to support their assertions to some extent. As a result, the parties maintain very divergent assessments of the precise value of Plaintiff's FLSA claim. A resolution of this question would require a close evaluation of numerous issues of fact and ultimately would require a finder of fact to determine issues of credibility. Due to the fact-intensive nature of these inquiries, it is likely that the issue of damages would not be resolved until after depositions and after trial.

Hon. Joanna Seybert
September 19, 2020
Page 2

    In light of the foregoing, Plaintiff faced obvious risks in establishing damages. The parties reached this settlement at an early phase of the litigation—before the parties engaged in extensive fact discovery and before any dispositive motion practice. Instead, the parties engaged in vigorous settlement negotiations. Resolving the action on behalf of the Plaintiff at this early juncture provides certainty in that she will receive compensation for her alleged unpaid overtime wages. Given the significant litigation risks outlined above, all parties believe that this settlement is fair. If the case proceeded to trial, there is a possibility that Plaintiff could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than a trial judgment, since the parties would need to take depositions before trial could commence.

    As set forth in the attached Settlement Agreement, the parties have agreed to settle this action for a total settlement amount of $20,000.00 (the "Settlement Amount"), which includes $6,462.00 in attorneys' fees and $614.00 in costs ($7,076.00 in total). The attorney's fee represents one third (33.3%) of the total settlement amount and is reasonable. A one-third contingency fee is a commonly accepted fee in this Circuit. *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept.19, 2013) (approving as reasonable a negotiated fee of one-third of the settlement amount, plus costs, in accordance with retainer agreement); *Vidal v. Eager Corp.*, 2018 WL 1320659 (E.D.N.Y. Mar. 13, 2018) (approving one-third contingency fee); *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015)("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases). Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, exempt status, the work hours and compensation received, commenced this action, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement will be made available to the Plaintiff without the uncertainty and delay of trial.

    In short, the settlement is the result of substantial negotiations and compromise by both parties. We respectfully submit that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

                                                                  Respectfully,

                                                                  */s Peter A. Romero*

                                                                  Peter A. Romero

cc:    All counsel of record